IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Danny Lane Ivester, Jr., Danny Lane Ivester, Sr., <br><br> Plaintiffs, <br><br> vs. <br><br> Spartanburg Municipal Court Judge John Leslie Smith, in his individual and official capacity, City of Spartanburg, S.C.; Mark Scott, CEO, City Manager in his individual and official capacity, <br><br> Defendants. | Civil Action No. 8:07-3637-GRA-BHH <br><br> **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendants' motion to dismiss [Doc. 11] pursuant to Federal Rule of Civil Procedure 12(b)(6). In his Complaint, the plaintiff alleges violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986; fraud by omission or nondisclosure; and negligent infliction of emotional distress.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574

F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

The plaintiffs appeared before the Defendant John Leslie Smith, a municipal court judge, for what they allege was a traffic seatbelt violation.[1] (Compl. ¶ 9.) The plaintiffs contend that they were "seized, while attempting to make a lawful defense, and restrained without cause or consent." (Compl. ¶ 2.) The plaintiffs further complain that they were made "political prisoners by extrajudicial process and false arrest." *Id*. The plaintiffs specifically contend that Defendant "Smith in malice, severely violated the due process and

---

[1] It is not precisely clear from the Complaint which of the plaintiffs appeared before Defendant Smith. It appears that it was Danny L. Ivester, Jr. (Compl. ¶ 8.)

2

equal protection rights of the plaintiff[s] under the 14th amendment to the US Constitution and fraud in fact arises by fraud in law and constructive fraud." *Id*. The plaintiffs complain that Smith authorized an unlawful detention of them and, thereby, "denied [their] 1st amendment right to free speech and right to petition government for a redress of grievances by malicious abuse of legal process, conspiracy, deprivation under color of State law." *Id*. ¶ 3. In sum, the plaintiffs' Complaint seems to generally allege that the Defendant Smith acted in the absence of jurisdiction to consider the traffic charges brought against them. *See id.* ¶ 4, 10, 100, 101.

Respectfully, the plaintiff's Complaint is a cumbersome and at times virtually incomprehensible string of legal phrases and citations of law. Although, the plaintiffs cite a substantial number of statutory and case authorities, they never specifically aver on what legal or factual basis their rights have been violated or on what basis jurisdiction in the municipal court was wanting.

As a judge of the State of South Carolina's unified judicial system, Defendant Smith is entitled to judicial immunity from suit for damages arising from his judicial actions. It is well settled that judges have absolute judicial immunity from a claim for damages with respect to their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). The plaintiff has not alleged any act of Defendant Smith that was not judicial in nature. *See Plyler v. Burns*, 647 S.E.2d 188, 193 (2007) ("When a court undertakes any adjudicative act within its jurisdiction, regardless of allegations of malicious or corrupt motive, the act is considered a judicial function for which the court will have absolute immunity."). Critically, "judicial immunity is

3

not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 at 11.

The plaintiff contends that judicial immunity is lost in this case, however, because Defendant Smith acted without jurisdiction. The Fourth Circuit has stated that judicial "immunity is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." *Pressly*, 831 f.2d at 517( citing *Stump v. Sparkman*, 435 U.S. 349 (1978)); *see also Plyler*, 647 S.E.2d at 193.

As a municipal court judge, Defendant Smith had subject matter jurisdiction in this case. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975). The plaintiff avers that he appeared before Defendant Smith "in the municipal court of Spartanburg for a traffic infraction, allege [sic] seatbelt violation." (Compl. ¶ 9.) Section 56-5-6150 of the South Carolina Rules of Civil Procedure gives Municipal Courts trial jurisdiction over violations of the State's Uniform Act Regulating Traffic on Highways (Chapter 5 of Title 56), which occur within the respective limits of such municipalities. *See* S.C. Code § 56-56-6150. It is clear, therefore, from the face of the Complaint that Defendant Smith had jurisdiction.

The plaintiff contends that by his own efforts, including an alleged "motion to quash vacate [sic]," he somehow "denied" the municipal court of jurisdiction. (Compl. ¶ 10, 100, 101.) The plaintiff is mistaken that he had the power to do so. He may have attempted to contest the jurisdiction of the municipal court, but it was not in his ability to deprive that court of jurisdiction, to the extent it actually had it under statute, as it does.

4

The plaintiff further contends that Defendant Smith acted with malice, in bad faith, and fraudulently. (Compl. ¶ 3, 4, 6.) As stated, however, even if such allegations are true, they do not lower the shield of judicial immunity. *Mireles*, 502 at 11; *Plyler,* 647 S.E.2d at 193. Although the plaintiff alleges that Defendant Smith knowingly acted without jurisdiction, as stated, it is apparent from the face of the Complaint that jurisdiction, in fact, existed. Making all reasonable inferences in the light most favorable, the plaintiffs have not alleged any other grounds upon which they could demonstrate a want of jurisdiction.

Defendant Smith, therefore, has absolute judicial immunity from a claim for damages with respect to his judicial actions as alleged in this case.

## II.    Defendants City of Spartanburg and Mark Scott

The plaintiff alleges that Defendant City of Spartanburg "is responsible for actions of the Police Department and Municipal Court." (Compl. ¶15.) The plaintiff further alleges that Defendant Mark Scott "is in directive (sic) knowledge to the actions of its Police and Municipal Court officially, and is responsible for those acts and is being sued in his individual and office capacity." (Compl. ¶ 16.) The absolute immunity of a judge, however, cannot be circumvented by suing others on a theory of *respondeat superior* liability. *See Smith v. City of Hammond, Indiana*, 388 F.3d 304, 307 (7th Cir. 2004). The plaintiff has not alleged any independent acts of these defendants. Accordingly, the case should be dismissed as to them as well.

## CONCLUSION

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants' Motion to Dismiss [Doc. 11] be GRANTED.

IT IS SO RECOMMENDED.

                                                           Bruce Howe Hendricks
                                                           United States Magistrate Judge
February 29, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).